(8 Misc. Rep. 246.)

### STIRN v. HOFFMAN HOUSE CO.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

1. COUNTERCLAIM—ALLOWANCE AGAINST ASSIGNEE.
   In an action by an assignee, a demand against the assignor can be allowed as a counterclaim only to the extent of the claim sued on. 27 N. Y. Supp. 271, affirmed.

2. PRINCIPAL AND AGENT—AUTHORITY OF AGENT.
   A general salesman may bind his principal by an agreement to allow a purchaser a discount on his purchases. 27 N. Y. Supp. 271, affirmed.

Appeal from city court, general term.

Action by Bernhard Stirn against the Hoffman House Company to recover for merchandise sold and delivered. The defenses were a general denial, payment, and offset. From a judgment of the city court (27 N. Y. Supp. 271) modifying and affirming a judgment entered on a verdict directed by the court in favor of defendant, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Charles Strauss, for appellant.
John Delahunty, for respondent.

BISCHOFF, J. Plaintiff sued, as the assignee of the claim of L. Somborn & Co., to recover the fair and reasonable value of the champagnes sold and delivered to the defendant. The answer denied generally the sale and delivery, besides pleading payment and an offset against the plaintiff's assignors growing out of discounts on former purchases, to which the defendant claimed to be entitled by agreement with Somborn & Co.'s agent. On the trial, Julius Somborn, a member of the firm of Somborn & Co., called as a witness for the plaintiff, testified to the fact of the sale and delivery of champagnes of the fair and reasonable value of $232 to the defendant. This testimony not only remained wholly uncontradicted, but was conceded by the defendant's president, Stokes, to be true; and the defendant's efforts on the trial were confined to the proof of an agreement with Somborn & Co.'s agent that the defendant should be allowed a discount of 10 per cent. of its purchases, the aggregate amount of the discounts claimed being $320.13. There was abundant testimony for the defendant to the effect that an agreement to allow the discounts was in fact made by Somborn & Co.'s general salesman with the defendant's president some time before the purchases on which it was claimed were made. Both parties asked for the direction of a verdict,—the plaintiff for the amount of his claim, the defendant for the amount of its offset. The trial justice intimated his intention to grant the defendant's motion, whereupon the plaintiff's counsel requested submission of the case to the jury. This was denied, and an exception taken to the denial. A verdict was thereupon directed for the defendant for $67.13, the excess of the defendant's claim against the plaintiff's assignors, to which direction plaintiff's counsel again excepted. On appeal to the general term below from the judgment entered on the verdict the court reduced the defendant's recovery to an amount equal to the plaintiff's claim, and, as so modified, affirmed the judgment.

It was palpable error for the trial justice to direct a verdict against the plaintiff for the excess of the defendant's claim against the former's assignors (Montanye v. Montgomery [Com. Pl. N. Y.] 19 N. Y. Supp. 655), but, as the error has been corrected by the court below, no just grievance because of it is apparent on this appeal. When both sides asked for the direction of a verdict in their favor, respectively, it was conceded that only questions of law were left for decision (Legett v. Hyde, 58 N. Y. 272, 275; Collins v. Burns, 63

N. Y. 1); and, if there was evidence sufficient to support the ruling of the trial court, the judgment cannot be assailed on the ground that questions of fact arising on the evidence should have been submitted to the jury (Kirtz v. Peck, 113 N. Y. 222, 21 N. E. 130; Provost v. McEncroe, 102 N. Y. 650, 5 N. E. 795; Stratford v. Jones, 97 N. Y. 586). To secure the right to have the facts determined by the jury after the trial court has denied a motion for dismissal of the complaint or for the direction of a verdict, an exception only to the ruling is ineffectual. Mallory v. Railroad Co., 3 Abb. Dec. 139; Seymour v. Cowing, 4 Abb. Dec. 203; People v. Cook, 8 N. Y. 78; Barnes v. Perine, 12 N. Y. 18, 23; Winchell v. Hicks, 18 N. Y. 558; Muller v. McKesson, 73 N. Y. 195; Dillon v. Cockroft, 90 N. Y. 649; Ormes v. Dauchy, 82 N. Y. 448; O'Neill v. James, 43 N. Y. 84; Van Aernam v. Bleistein, 102 N. Y. 355, 7 N. E. 537. It is incumbent upon the party to have the court's attention directed to the specific questions of fact of which submission to the jury is denied (Waters v. Marrin, 13 Daly, 57; Winchell v. Hicks, Van Aernam v. Bleistein, Muller v. McKesson, supra); and it will be too late to urge on appeal for the first time that the jury should have been permitted to determine the credibility of the witness (Williams v. Walker, 9 N. Y. St. Rep. 60).

The following colloquy occurred between the trial court and counsel:

"The Court: If you tell me any disputed question of fact to be presented to the jury, I will present it. Plaintiff's Counsel: The disputed question is the whole case: That the plaintiff sold defendant merchandise for which he was not paid, and the defendant claims exemption from payment by reason of the agreement with the salesman of the plaintiff, and the plaintiff is ready to take the stand to swear there was no such arrangement made."

No other request for submission of any fact appears in the case. Here, then, there was a request for the submission of the facts of the plaintiff's claim against the defendant, and of the defendant's claim against the plaintiff's assignors, united with a request that the trial be reopened after both sides had closed the introduction of evidence. The plaintiff's claim was conceded by the defendant's president, and no question of fact, therefore, remained to be determined with regard to it. It was clearly within the discretion of the trial court to refuse to reopen the trial. No error is, therefore, predicable of the denial of the plaintiff's request in both of the last-mentioned respects. Assuming now that the request, in so far as it sought submission of the facts of the defendant's claim against plaintiff's assignors, was sufficiently specific, and that, if separately made, its denial would have been error, it still appears that the entire request was properly denied in at least two particular respects. Hence the appellant has not sustained the burden of showing error. McCabe v. Brayton, 38 N. Y. 196; People v. Beach, 87 N. Y. 508, 512; Bosley v. Machine Co., 123 N. Y. 550, 25 N. E. 990.

The only question of law which is urged by counsel for the appellant to have arisen on the facts in evidence, and relating to the defendant's claim against the plaintiff's assignors, is whether or not a general salesman employed by a firm of merchants to sell its wares

has implied authority to fix the price and terms upon a sale. The affirmative of that proposition admits of no successful dispute. The employment of the agent is the measure of his authority, and one employed to sell, inferentially, therefore, has authority to fix the price and adjust the terms of the sale, for without the last-mentioned authority all other authority would be of no avail. "An agent authorized to sell either real or personal estate may enter into a contract within the terms of his authority, which will bind his principal. This is of the very essence of the authority given,—an authority to sell. That he can bind his principal by a formal contract is the doctrine of the books from the earliest law on the subject" (Haydock *v.* Stow, 40 N. Y. 363, 368); and, we may add, that without a price and terms there could be no contract of sale. It is conceded that, if the agent has departed from the instructions of his principal, to the purchaser's knowledge, the principal will not be bound; but whether or not the defendant or its officers knew that Somborn & Co.'s salesman had no authority to stipulate for the discounts claimed on the trial was a question of fact, which we must assume to have been determined by the trial justice in the defendant's favor.

But one alleged error in ruling on the trial is urged by counsel for appellant, namely, the admission of the testimony of the defendant's witness Cornish as to the amount of the discount claimed by defendant. It is sufficient to say that no exception appears to have been taken to the ruling. Judgment affirmed, with costs.