(10 Misc. Rep. 157.)

### FRANKFURTER v. HOME INS. CO.

(Common Pleas of New York City and County, General Term.  November 7, 1894.)

1. PLEADING—AMENDMENT—INCREASING DAMAGES.
    An amendment of a complaint which increases the damages does not change the cause of action.
2. SAME—AMENDMENT AFTER VERDICT.
    After verdict, a complaint may be amended by inserting allegations evidence to support which was received without objection.
3. APPEAL—FROM CITY COURT TO COMMON PLEAS.
    On appeal to the court of common pleas from the city court, the weight of evidence will not be examined.
4. INSURANCE—WAIVER OF CONDITIONS—AGENTS.
    The fact that assured told the insurance agent, when he applied for the policy, that he intended to effect other insurance, and that the agent orally assented, does not waive a condition in the policy which requires the consent of the company to the procurement of additional insurances to be indorsed on the policy, where the policy provides that no officer, agent, or other representative of the company shall have power to or be deemed to have waived its provisions unless the waiver shall be written on or attached to the policy.
5. SAME—REQUESTS FOR PROOFS OF LOSS.
    An oral direction by the insurance agent to assured, after a fire,—the agent knowing of the fire, and that assured had additional insurance,— to prepare proofs of loss, does not waive the provisions in the policy as to additional insurance.

Appeal from city court, general term.

Action by William Frankfurter against the Home Insurance Company on a fire insurance policy.  Plaintiff sued as the assignee of the insured.  The defense was that by its terms the policy was avoided, owing to subsequent insurance effected by the insured without the written consent of the defendant, or its authorized agent, indorsed on or attached to the policy.  From a judgment of the city court (26 N. Y. Supp. 81) affirming a judgment in favor of plaintiff, defendant appeals.  Reversed.

Argued before BOOKSTAVER, BISCHOFF and PRYOR, JJ.

George Richards, for appellant.

David Leventritt, for respondent.

BISCHOFF, J.  The trial court was authorized to direct an amendment of the complaint by increasing the amount for which judgment was demanded.  Knapp v. Roche, 62 N. Y. 614; Baylies, Code Pl. 625, and cases there cited.  And to direct a further amendment, after verdict, by adding an allegation to the effect that before the commencement of the action more than 60 days had elapsed since service upon the defendant of proofs of loss, the fact having been proved without objection, and the cause of action remaining unchanged.

Code Civ. Proc. § 721; Davis v. Railroad Co., 110 N. Y. 646, 17 N. E. 733; Knapp v. Simon, 96 N. Y. 284; Reeder v. Sayre, 70 N. Y. 180.

Upon appeal from the city court of New York, we may not inquire into the weight of the evidence. Gundlin v. Packet Co., 8 Misc. Rep. 291, 28 N. Y. Supp. 572; Kujek v. Goldman (Com. Pl. N. Y.) 29 N. Y. Supp. 294. And, without a request for submission to the jury of some specific question of fact, the defendant's exceptions taken to the denial of its motion for dismissal of the complaint, and to the direction of a verdict for the plaintiff, authorize our review of the proceedings on the trial only to ascertain whether or not there was any evidence sufficient to support the recovery. Stirn v. Hoffman House Co., 8 Misc. Rep. 246, 28 N. Y. Supp. 724, and cases there cited. The only substantive question, therefore, which is presented upon this appeal, is the one which relates to the defendant's alleged waiver of its right to treat the policy in suit as avoided.

The policy contained the following:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or hereafter shall make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy. * * * "

It appeared in evidence, from the testimony of the insured, that, subsequent to the issuance of the policy in suit, he did effect other insurance, upon property wholly covered by the defendant's policy, to the amount of $1,500, without having secured the written approval of the defendant to such insurance. It was specifically ruled in Baumgartel v. Insurance Co., 136 N. Y. 547, 32 N. E. 990, with reference to a policy containing the same provision which is hereinbefore set forth, that the policy was effectually avoided by subsequent insurance without the written approval of the insurer, or its authorized agent, though the latter had orally assented. To pursue the inquiry, therefore, would involve a labor of mere supererogation. The fact that the plaintiff's assignor, the insured, when the policy in suit was issued, informed the defendant's agent of his intention to effect further insurance, to which the agent orally assented, cannot change the result, for the reasons hereinafter stated with regard to the insured's knowledge of the agent's limited authority in the matter; and the case is plainly distinguishable from a class of cases, referred to by counsel, in which it was held that knowledge of the insurer, or of its agent, at the time of the issuance of the policy, of existing facts, contrary to the terms and conditions of the policy, will estop the insurer from availing itself of a forfeiture because of those facts. Knowles v. Insurance Co., 66 Hun, 220, 21 N. Y. Supp. 50, affirmed in 142 N. Y. 641, 37 N. E. 567.

Nor do we accede to the proposition of the learned counsel for the respondent that a waiver resulted from the agent's apparent oral recognition, after the loss had taken place, of the continued vitality of the policy, with knowledge of the facts constituting the forfeiture. Brody, a witness for the plaintiff, testified that, on the day succeeding the fire, Joerns, the defendant's agent, admitted his knowledge of the fact of subsequent insurance, and stated that because of it he regarded the policy in suit as avoided. From the insured's testimony

it appeared that, after his interview with Brody, Joerns directed the insured to cause the property insured to be examined, and his proofs of loss to be prepared; and that, acting upon such oral direction, he incurred expense in the examination of the property, and the preparation of proofs. Of the facts thus in evidence the waiver is sought to be predicated. The policy in suit, however, further provided that:

"No officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon, or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

Indisputably, in the case at bar the agent's authority was restricted to waivers in writing indorsed on or attached to the policy, and of this restriction the insured had, or must be presumed to have had, notice. In support of his proposition, the respondent's counsel relies upon Pechner v. Insurance Co., 65 N. Y. 195, and Titus v. Insurance Co., 81 N. Y. 410; cases which are to the effect, as claimed, that an agent may orally waive the forfeiture, notwithstanding that the policy requires the waiver to be in writing. But it should be observed that in both of the cases the court had reference to the powers of an agent whose authority was general, or apparently general, and of whose restricted authority the insured did not have notice. In the case at bar, however, the agent's authority was restricted as already stated. It is not distinguishable, therefore, from the cases which are to the effect that no waiver can result from the acts of an agent which are in excess of his authority, and where such lack of authority is known to the insured at the time. Hill v. Assurance Corp. (Com. Pl. N. Y.) 9 N. Y. Supp. 500; Quinlan v. Insurance Co., 133 N. Y. 356, 31 N. E. 31; Moore v. Insurance Co., 141 N. Y. 219, 36 N. E. 191.

Our conclusion from the foregoing is that the exceptions which were taken to the refusal of the trial court to dismiss the complaint, and to its direction of a verdict for the plaintiff, present error for which the judgment must be reversed. Judgments of the general and trial term of the court below reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.