think. It is no part of the enacting clause, and does not enter into the description of the offense, which is defined by the first section. *Becker* v. *State*, (8 Ohio St. 391), is decisive at this point. As there is said, such a "proviso must be taken advantage of by the accused in making a defense on the facts." The affidavit then is in may opinion legally sufficient. But for error in cutting off the plaintiff in error from the defense of *ignorantia facti*, the judgment is reversed, and he is awarded a new trial.

*W. G. Way, Ellenwood & Smith, Nye & Follett*, for plaintiff.

*Amos Dye* and *J. A. Hamilton*, for state.

---

(Franklin County Court of Common Pleas.)

THE STATE OF OHIO *v.* THE UNITED STATES EXPRESS COMPANY, THE ADAMS EXPRESS COMPANY, AND THE AMERICAN EXPRESS COMPANY.

1. The defendants having all of the properties, rights, attributes, privileges and immunities of corporations, may be regarded as such by the courts of this state.

In determining whether the defendants are, or are not, corporations, the designation of them as joint stock associations or partnerships, by the statute of New York, under which they were created, and their classification as joint stock associations and partnerships by the courts of New York, are not conclusive, in these cases, upon that question.

(Decided February, 1895.)

ON MOTION to quash service.

PUGH, J.

In these suits the State of Ohio sues to recover the excise tax that was imposed upon these express companies by what is known as the "Hard Law."

They were heard upon motions to set aside the return of service upon the defendants. The ground of the motions is that the defendants are joint-stock associations, a species of partnerships, and are not corporations at all. The service was made upon them as corporations.

The defendants, by their counsel, invited the Attorney General to sue them as joint stock associations or partnerships, their attorneys agreeing to enter their appearance just as soon as that was done.

If the defendants are not corporations, and if it should be sought to enforce the law against them as partnerships, there would be at least a grave question whether it would be successful because of its infringement upon some constitutional right. The constitutional competency of the law, however, as against partnerships, is not now before the court, and I only allude to it as the ulterior motive for the contention here of the defendants. I do not intend to intimate that it is not a proper motive; nor must it be inferred that this motive will have any influence in deciding the question made by the motions.

The motions, affirming that the defendants are not corporations, and giving a brief outline of their legal status, were verified, and hence are affidavits as well as motions.

To these motions the Attorney-General interposed what is denominated as an "answer," unverified by affidavit. An answer was unnecessary to make an issue. The burden of proving the allegations of the motions

was probably on the defendants, because the use of the word "company" by each of the defendants, imported that they were corporations. That begat a presumption in favor of the State. It is the duty of the defendants to overcome that by the testimony. It is not important, however, to consider where the burden of proof is, or to locate the preponderance of the evidence, for the relevant master facts are not disputed.

The defendants originated in the state of New York. They were organized under the statutes of that state, general statutes, which authorized seven or more persons to organize joint stock companies or associations. The properties and privileges of such companies are: (1) Perpetual succession; (2) The division of their property into shares whose muniments of title are certificates; (3) The right to sue and be sued by a collective name, being that of the president or treasurer, and the death of such officer does not operate to abate the action; (4) The right to acquire and hold and transfer property in a collective capacity; (5) No dissolution follows death or insolvency of member, or the transfer of his share or shares; (6) The shareholders are not each other's agents in respect to the business of their respective companies.

Counsel for the defendants virtually admitted that these companies are hybrid organizations. No one can look law or logic in the face and say they are pure partnerships.

The latest utterance from the Court of Appeals of New York, (*People ex rel. v. Coleman*, 133 N. Y. 279), relied upon by counsel for defendants, is instructive. Discussing corporations and these joint stock companies, it was observed: " The two are alike, but not the same. More or less, they crowd upon and overlap each other, but without losing their identity, and so, while we can not say that the joint stock company is a corporation, we can say, as we did say in *Van Aerns v. Bleiston*, (102 N. Y. 360), that a joint stock company is a partnership with some of the powers of a corporation. Beyond that we do not think it is our duty to go."

This opinion, without any other evidence, would make in pardonable to say that the defendants are at least legal hermaphrodites.

Lawyers know that the most conspicuous property of corporations is their legal immortality. It is, as it were, their individuality. Professor Tyndall traced a drop of water from the mountain top along the brook; thence into and along the creek and river into the ocean, back to the mountain top and along the rivulet—immortal. So, as Justice MARSHALL said, corporations "are capable of acting for the promotion of the particular object like one immortal being."

Another incident of corporations is the right to acquire, hold and transfer their property in their collective capacity and name. When a partnership has occasion to mortgage or sell real estate, all of its members must unite in the execution of the deed. A single partner, however small his interest, can defeat such an object. But the mortgages and conveyances of corporations can not be invalidated by the opposition of one stockholder who may be rash, disgruntled or pig-headed.

It is by these two powers, as was said by Chief Justice MARSHALL, that corporations "are enabled to manage their own affairs, and to hold property without the perplexing intricacy, the hazardous and endless necessity of perpetual conveyances, for the purpose of transmitting it from hand to hand."

Another of the convenient and valuable attributes of corporations, is the right to sue and be sued in and by a collective name, whether it be its own name, or that of some officer. Without this power the transaction of corporate business would be impracticable.

The powerlessness of a stockholder to prevent a corporation from living and going on like the stream of water, by a sale of his share, or by

his insolvency, or both, or by his death, is a privilege whose value can not be exaggerated,

Under the statutes of New York, these defendants have all of these corporate attributes, powers, rights and immunities.

There is only one notable feature of a typical private corporation which they do not have, and that is the exemption of their stockholders from personal liability for debts. The shareholders are not only personally, but jointly and severally, liable for the debts of their respective companies. But, since the general rule as to modern corporations is that their stockholders are subject to a limited and contingent personal liability, by statute, that sort of personal liability can hardly be said to be a distinguishing characteristic of partnerships.

In *Liverpool Insurance Company* v. *Massachusetts*, 10 Wallace, 566, the United States Supreme Court explicitly decided that "individual responsibility of shareholders for the debts of the association was not incompatible with the corporate idea."

The defendants having these capacities, rights and powers of corporations, it is not legal heresy to conclude that they are creatures of the law, abstracted from their individual members; that they are mere intangible, metaphysical, unreal entities, as much so as any corporation.

Chief Justice MARSHALL defined a corporation thus: "It is an artificial being, invisible, intangible, and existing only in contemplation of law."

By Angell and Ames, it is defined as "a body created by law, composed of individuals united under a common name, the members of which succeed each other, so that the body continues the same, notwithstanding the change of individuals who compose it, and is for certain purposes considered as a natural person."

Said Judge SAWYER, in *Southern Pacific Railroad Company* v. *Orton*, 32 Federal Reporter, 458: "The essence of a corporation consists only of a capacity to have perpetual succession under a special denomination, and an artificial form; and to take, hold and grant property; contract obligations, and sue and be sued, by its corporate name, and its capacity by its corporate name, to receive and enjoy in common, grants of privileges and immunities."

Assuming these definitions to be scientifically accurate, these defendants are manifestly corporations.

It cannot be controverted that the statutes of New York entitle organizations, like the defendants, joint stock associations, and that one of the statutes declares that in no court shall any rights and privileges as corporations be ascribed to them, except such as are specially conferred upon them. How those statutes and the last utterance of the Court of Appeals, which I quoted, may be reconciled with section 3, of article 8 of the New York Constitution, would not be a profitable inquiry. That section ordained: "The term 'corporation' as used in this article shall be construed to include all associations and joint stock associations having any of the powers and privileges of corporations not possessed by individuals or partnerships," * * *

The vacillation of the New York courts on this question is another illustration of the adage, that either side of any proposition may be established by their precedents.

The testimony offered on the hearing of these motions, consisted of two classes—opinions of the courts, and admissions by the defendants. In *Chapman* v. *Berry*, 129 U. S. 677, the United States Supreme Court decided that an averment in a pleading that a party was a joint stock association was not tantamount to an allegation that it was a corporation, but was in effect, an assertion that it was a partnership. That settles nothing. The

exact question, whether the United States Express Company was a corporation, or a partnership, was not considered or decided by the court.

A Massachusetts case was also cited (*Taft* v. *Ward*, 106 Mass. 518), and was offered as testimony by counsel. It was there decided that the companies created by the New York statutes were not corporations. But the reason assigned for the conclusion was, that the company was a joint stock association in Massachusetts as well as in New York. If it had not been deemed a partnership in the former, it is doubtful whether the court would have decided as it did. The testimony of the last decision of the Court of Appeals of New York, I have already quoted. Even that court has rendered decisions which are not exactly harmonious with that, for it held in *Wetzel et al.* v. *Fargo*, 61 N. Y. 542, that "The president or treasurer of a joint stock company is * * to be regarded for the purpose of an action against the company substantially as a corporation sole."

Again, in *People* v. *Platt, President of the United States Express Company,* one of the defendants here (117 N. Y. 136), the defendant resisted the payment of a tax imposed for exercising its corporate franchises, just as it is doing in one of these cases; but the Court of Appeals declared that there was nothing to warrant the contention that it was a mere partnership, and the tax was sustained.

In *Sanford, etc.* v. *The Supervisors*, 15 Howard's Practice, 172, the judgment was that, in obedience to the constitutional provision which I before quoted, these associations were corporations, in spite of the legislative declaration to the contrary.

In *Waterbury* v. *The Merchants' Union Express Co.*, 50 Barbour, 157, it was decided that these associations had all of the attributes of corporations except the common seal.

A paragraph from the opinion in *Platt* v. *Colvin*, 50 Ohio St. 703, is relied upon as sustaining the defendant's contention. But the question whether the United States Express Company was, or was not, a corporation, was not in issue, and could not have been decided, and the court did not decide it. The averment in the plaintiff's petition, that the United States Express Company was a joint stock association, was assumed to be true by the court. By the demurrer it was admitted to be true. There was no opportunity to adjudicate the question.

These associations are imitations of English associations. In that country they are more like gigantic partnerships, the characteristics of corporations being chiefly confined to their facilities for transacting business.

One of these companies came over and did business in Massachusetts. It challenged the validity of a state tax on insurance corporations on the ground that it was not a corporation. The adjudication, in *Oliver* v. *Liverpool and London Life and Fire Insurance Company*, 100 Mass. 531, was that, although the company was a cross between a corporation and a partnership, yet it was "clothed" to such an extent "with corporate powers, that it may be treated, for the purposes of taxation, as an artificial body, and that it was subject, as such, to the jurisdiction of the goverment under which it undertakes to act and contract in its associated capacity."

This furnishes the key-note for the decision of these motions. This case was taken to the United States Supreme Court, which affirmed the Massachusett's court decision. The peremptory decision of the Supreme Court was that "the decision of the English court to the effect that the company was only a partnership, could not alter the essential nature of a corporation, or prevent the courts of another jurisdiction from inquiring into its true character whenever they come in issue." The company was declared to be a corporation.

In *Maltz* v. *The American Express Company*, 1 Flippin Circuit Court, the defendant, being one of the defendants here, was pronounced to be a corpor-

ation of New York for the purpose of determining whether it could be sued in the United States Court.

*In Fargo, President of the United States Express Company* v. *The Louisville, New Albany & Chicago Railway Company,* 6 Fed. Rep. 787, the plaintiff in that case being one of these defendants, Judge GRESHAM decided it was a corporation, because it was an ideal creature of the New York law. He said: " It is of no consequence that in the statute under which these companies are organized, they are called unincorporated associations. In determining what such institutions really are, regard is to be had to their essential attributes rather than to any mere name by which they may be known. If the essential franchises of a corporation are conferred upon a joint stock company, it is none the less a corporation for being called something else."

Courts should not be controlled by the name of things, but by the right of things. They should use the public time in passing on the merits of cases, and not in refining about names.

In *Commonwealth* v. *United States Express Company,* 157 Penna. St. 579, the defendant, one of the defendants here, admitted that it was a corporation, by appearing as a company, and by appealing as a company.

In *Adams Express Company* v. *McDonough,* 6 C. C. R, 539, this company was sued as a corporation, for that is what the term, "company," implies, and it did not controvert it. That was an admission of its corporate character.

In *Adams Express Company* v. *Johnson,* 17 Ohio St. 641, there is a *dictum* like the one quoted from *Platt* v. *Colvin, supra,* that that company is a foreign corporation. There is an even balance between these two *dicta*; one neutralizes the other.

*The American Express Company* v. *Smith,* 33 Ohio St. 512, the plaintiff, being one of the defendants here, was sued below as a corporation, and it was not traversed.

These admissions are not estoppels. The law can not be altered by admissions. But it is competent to consider them on a debatable question like this. These defendants having been represented in all the cases in which the admissions were made, by able lawyers, they are substantially the opinions of those lawyers as to what the law is on this subject. They may repent, but that will not modify the soundness of their opinions.

The decision of these motions against these defendants can be planted upon these considerations: The defendants have substantially all of attributes, qualities, rights and powers of corporations. The courts of this state, in the investigation and determination of this question, are not concluded by the classification of the defendants made by either the legislature of New York, or by the adjudications of her courts.. This is especially true when these courts are not able to establish a parity among themselves.

The motions are overruled.

*J. K. Richards, Attorney General,* for the State.

*Ramsey, Maxwell & Ramsey* for defendants.