CHARLES E. MACPHERSON, Plaintiff, *v.* JOINT SECURITY CORPORATION and Others, Defendants.

City Court of New York, New York County, May 28, 1930.

*Kremer & Leavitt,* for the plaintiff.

*David L. Podell,* for the defendants.

NOONAN, J. The plaintiff sues for breach of a contract of employment, and has served the summons and complaint upon the defendant treasurer of the Founders Trans-Oceanic Trust.

A motion is made by the treasurer, appearing specially, to vacate such service on the ground that the court has no jurisdiction.

The Founders Trans-Oceanic Trust is a voluntary association known as a Massachusetts trust, and was formed under the laws of that Commonwealth. (Massachusetts General Laws of 1921, chap. 182.) Section 1 of chapter 182 declares that such an association is " a voluntary association under a written instrument or declaration of trust, the beneficial interest under which is divided into transferable certificates of participation or shares." Under the Massachusetts law, jurisdiction may be obtained by service upon one of the trustees (Chap. 182, § 6).

Annexed to the opposing affidavit is a communication from the office of the Secretary of the Commonwealth of Massachusetts that

the Founders Trans-Oceanic Trust was registered as a voluntary association doing business under a declaration of trust.

The papers on this motion do not give any information as to the exact nature of the Founders Trans-Oceanic Trust. Whether it is an express trust or a voluntary association within the intendment of the Massachusetts law does not appear. It may be one or the other, dependent upon the object of the association and the nature of its organization. If it is an express trust, the trustee alone may be sued. (*Bouchard* v. *First People's Trust,* 253 Mass. 351.) There are facts, however, showing that it is doing business within the State of New York with an office at 37 Wall street, New York city, and that the plaintiff's contract of employment originated from that office. It is composed of five members, consisting of a trustee, president, vice-president, treasurer and assistant treasurer. The vice-president resides in the city of New York. It is the contention of the defendant that unless the trustee, who is a resident of Massachusetts, is served with process, the courts of this State can acquire no jurisdiction. The plaintiff claims that service was validly obtained under section 13 of the General Associations Law of this State (added by Laws of 1920, chap. 915). Section 12 of the General Associations Law (added by Laws of 1920, chap. 915) provides that "an action or special proceeding may be maintained, by the president or treasurer of an unincorporated association, consisting of seven or more persons, to recover any property, or upon any cause of action, for or upon which all the associates may maintain such an action or special proceeding, by reason of their interest or ownership therein, either jointly or in common." Section 13 says that such an action may be maintained against the president or treasurer " of such an association " upon any cause of action " for or upon which the plaintiff may maintain such an action   *   *   *   against all the associates, by reason of their interest or ownership, or claim of ownership therein, either jointly or in common, or their liability therefor, either jointly or severally." In the last sentence thereof section 13 provides: " Any partnership, or other company of persons, which has a president or treasurer, is deemed an association within the meaning of this section." Sections 12 and 13 were formerly united in section 1919 of the Code of Civil Procedure.

There are two objections made to the service of process in this case. It is first contended that, as the Founders Trans-Oceanic Trust is a creature of the law of Massachusetts, it does not come within the provisions of section 13 of the General Associations Law. This contention is to the effect that section 13 applies only to an association whose membership is composed of residents of this State. In support thereof the defendant cites the case of *Bruce Lodge, No.*

*8171, Grand United Order of Odd Fellows,* v. *Sub-Committee of Managemeni of Grand United Order of Odd Fellows in America* (208 App. Div. 100, 102), where the court said: " In so far as jurisdiction over the defendant District Grand Lodge No. 2, Grand United Order of Odd Fellows in America, jurisdiction in the State of New York, is concerned, it appears that this defendant is an unincorporated association of more than seven persons, all of whom reside within the State of New York." The point now raised was not, however, directly presented or decided in that case.

In *Clancy* v. *Terhune* (1 City Ct. 239), a case arising in the Marine Court of the city of New York, the predecessor of the present City Court of the city of New York, Judge McADAM held that the court had jurisdiction over an unincorporated association whether the members of it resided, or such association transacted its business, within this or any foreign State. The court said: " The statute applies to the remedy and the *lex fori* governs. It is not confined to associations in this State, but applies to all associations who come into court under it." (See, also, *Bobe* v. *Lloyds,* [C. C. A.] 10 F. [2d] 730.) If the requirements of the statute are found to exist, I think the courts of this State have jurisdiction over unincorporated associations organized under the laws of another State. The serious objection is that the plaintiff has not shown that the Founders Trans-Oceanic Trust has a membership of seven or more persons. Section 13 of the General Associations Law (added by Laws of 1920, chap. 915), in providing for the maintenance of an action against the president or treasurer " of such an association," clearly refers to the association of seven or more persons specified in section 12 of the same law.

The plaintiff contends that the last sentence of section 13 was intended to include an association of less than seven persons. If this be so, the Legislature did not make clear its intention to so declare. There is no case that has directly decided the question. In *Van Aernam* v. *McCune* (32 Hun, 316; affd., *Van Aernam* v. *Bleistein,* 102 N. Y. 355) there is an intimation that the final sentence of section 13 may authorize the maintenance of an action against an unincorporated association of less than seven persons. It is a bare intimation, however, and the court does not directly hold to that effect. The question in that case was whether the plaintiff had proved that the defendant company consisted of seven or more shareholders or associates. In affirming the General Term, the Court of Appeals (*Van Aernam* v. *Bleistein,* 102 N. Y. 355) held that the admissions of the defendant, coupled with the other proof in the case, showed that the defendant was an association consisting of seven or more persons. The conclusion may be drawn from

the decision of the Court of Appeals that the association must consist of the required number of persons before its president or treasurer may sue or be sued.

In *McCabe* v. *Goodfellow* (133 N. Y. 89) the court postulated that the membership of an association within section 1919 of the Code of Civil Procedure must be one of seven or more persons. In Fiero on Particular Actions and Proceedings ([4th ed.] vol. 4, p. 3533) the author states: " The plaintiff must show the existence of the association and that it is composed of seven or more members." In Wait's New York Practice Simplified (Vol. 5, p. 540, art. 3, § 3, cl. 21) the following is stated: " A complaint in an action under § 13, *supra*, should contain the same allegations as to the association and the official character of the defendant therein, as in an action brought by the association (see Art. 1, § 2, *supra*), and also set forth a cause of action described in section 13, *supra*."

I think the conclusion is inevitable that the court has not obtained jurisdiction over the person of the association sued herein as the Founders Trans-Oceanic Trust. The motion to vacate the service of the summons and complaint is granted, and the action is dismissed. Order filed.