B. K. BRUCE LODGE, INC., No. 8171, GRAND UNITED ORDER OF ODD FELLOWS, Appellant, *v.* SUB-COMMITTEE OF MANAGEMENT OF THE GRAND UNITED ORDER OF ODD FELLOWS IN AMERICA, and HARRY J. EDWARDS, as District Grand Master of District Grand Lodge No. 2, Grand United Order of Odd Fellows in America, Jurisdiction of the State of New York, Respondents.

First Department, February 8, 1924.

Corporations — foreign corporations — jurisdiction of foreign corporation doing business in this State which has designated no one to accept service obtained by personal service of summons on director — jurisdiction of unincorporated association of more than seven members, all of whom reside within State, obtained by personal service of summons on officer corresponding to president — fraternal corporation enforcing its decrees and collecting dues within State is doing business within State.

In an action commenced prior to October 1, 1923, jurisdiction of a foreign corporation doing business within the State of New York may be obtained by the personal service of a summons upon a grand director of such corporation, which has designated no one to accept service within the State and which is composed of nine members, each residing in a different State, four of whom are designated as grand officers and five as grand directors.

Jurisdiction of an unincorporated association of more than seven members, all of whom reside within the State of New York, may be obtained by the personal service of a summons upon an officer thereof whose position corresponds to that of president.

A foreign fraternal benefit corporation which enforces its policies and decrees and collects dues within the State through an agent is doing business within the State.

APPEAL by the plaintiff, B. K. Bruce Lodge, Inc., No. 8171, Grand United Order of Odd Fellows, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of August, 1923, denying the plaintiff's motion to reargue a motion for judgment by default.

*Charles E. Toney*, for the appellant.

*John Bradshaw Thorne*, for the respondents.

FINCH, J.:

Plaintiff is a subordinate lodge of the Grand United Order of Odd Fellows in America. The defendant, Sub-Committee of Management of the Grand United Order of Odd Fellows in America, is a foreign corporation, organized and existing under the laws of the State of Pennsylvania. The defendant, District Grand Lodge No. 2, Grand United Order of Odd Fellows in America, Jurisdiction of the State of New York, is an unincorporated association of more than seven members, all of whom reside within the State of New York. The plaintiff was expelled from said order and brought an action in the Supreme Court in this State and obtained a judgment requiring its restoration to said order. The plaintiff alleges that notwithstanding this judgment, the defendants refused to recognize it as a subordinate lodge in good standing in said order and has ever since the expulsion denied this plaintiff all its rights and immunities as an " Odd Fellow; " that according to the usage, constitution and by-laws of said order, whenever a subordinate lodge has been expelled, no other lodge in good standing is permitted to affiliate with or recognize any such expelled subordinate lodge as Odd Fellows under penalty of itself being expelled from the order, until directly notified by the defendant, the Sub-Committee of Management of the Grand United Order of Odd Fellows in America, of the restoration of such expelled lodge to the said order.

The plaintiff has brought this action to enjoin the defendants from denying the plaintiff any of its rights as " Odd Fellows " in said order and to require the defendants to notify the subordinate lodges and all fraternal societies and organizations under their

control of the restoration of the plaintiff to said order. The plaintiff obtained personal service upon James F. Adair, who is concededly a member and a Grand Director of defendant Sub-Committee of Management of the Grand United Order of Odd Fellows and upon Harry J. Edwards, who is District Grand Master of District Grand Lodge No. 2. The defendants failed to answer and the plaintiff made this motion for judgment, which was opposed by both persons served, appearing specially, to set aside the respective service. The motion was denied on the ground that the service was ineffectual to obtain jurisdiction. The parties to this appeal have presented for decision the one question as to whether jurisdiction has been obtained of the defendants by the respective service.

The Grand United Order of Odd Fellows in America is governed by said foreign corporation, the defendant Sub-Committee of Management, consisting of nine members, each residing in a different State and elected for a term of two years, four of whom are designated as grand officers and five as grand directors. The defendant District Grand Lodge No. 2 of the Grand United Order of Odd Fellows in America, Jurisdiction in the State of New York, is the supreme local governing body for the State of New York. Since the defendant Sub-Committee is a foreign corporation and Adair is a director, and since it appears that there are no other officers within the State and no one has been designated to accept service in behalf of the corporation, and that said Sub-Committee is doing business within the State of New York, jurisdiction over said defendant has been acquired. (Civ. Prac. Act, § 229, subd. 3.) The respondent urges that said defendant Sub-Committee does not transact any business within the State of New York. It appears, however, that said defendant in this State enforces its policies, decrees and orders incidental to its management, and collects dues through the instrumentality of the defendant District Grand Lodge No. 2.

In so far as jurisdiction over the defendant District Grand Lodge No. 2, Grand United Order of Odd Fellows in America, Jurisdiction in the State of New York, is concerned, it appears that this defendant is an unincorporated association of more than seven persons, all of whom reside within the State of New York. Service, therefore, upon the district grand master, a position which it is alleged without contradiction corresponds to that of president, was effectual to confer jurisdiction. (General Associations Law, art. 3, § 13, as added by Laws of 1920, chap. 915; formerly Code Civ. Proc. § 1919.)

It follows that the order appealed from should be reversed,

with ten dollars costs and disbursements, and the motion for judgment granted as to both defendants, with ten dollars costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur

Order reversed, with ten dollars costs and disbursements, and motion granted as to both defendants, with ten dollars costs.