PATRICK DOHERTY, as Treasurer of Compressed Air, Foundation, Caisson, Tunnel, Subway, Sewer, Cofferdam Construction Local Union No. 147, of New York, New Jersey States and Vicinities, et al., Plaintiffs, *v.* JOSEPH V. MORESCHI, Individually and as President of International Hod Carriers', Building and Common Laborers' Union of America, et al., Defendants.

Supreme Court, Special Term, New York County, January 7, 1946.

*Edmond B. Butler* and *Edward T. Gallaway* for Joseph V. Moreschi, individually and as President of International Hod Carriers', Building and Common Laborers' Union of America, and others, defendants, appearing specially.

*Hyman N. Glickstein* and *Daniel W. Meyer* for plaintiffs.

SHIENTAG, J. These motions are disposed of as follows: (1) Section 229-b of the Civil Practice Act is applicable to a

voluntary association. It applies to a foreign unincorporated labor union engaged in business in this State. The Appellate Division of this Department so held in *Busch* v. *Lewis* (263 App. Div. 987, motion for leave to appeal to Court of Appeals denied 264 App. Div. 720). That decision is a binding adjudication of the applicability of section 229-b to labor unions and of the constitutionality of that section. (See, also, *Pennoyer* v. *Neff*, 95 U. S. 714; *Hess* v. *Pawloski*, 274 U. S. 352, 356; *Shushereba* v. *Ames*, 255 N. Y. 490; *Doherty & Co.* v. *Goodman*, 294 U. S. 623, 626–628.)

(2) The defendant International Union is engaged in business in this State within the meaning of section 229-b. Although not primarily organized for profit, the International carries on, within this State, with reasonable continuity, the activities which it was organized to perform (*Busch* v. *Lewis*, 263 App. Div. 987, *supra;* Restatement, Conflict of Laws, § 167, Comment a and Illustration 11; *Bruce Lodge, Inc.*, v. *Sub-Committee of Management*, 208 App. Div. 100, 102; *Pacific Typesetting Co.* v. *I. T. U.*, 125 Wash. 273, 277; *High* v. *Supreme Lodge*, 206 Minn. 599, 602–603; *Ku Klux Klan* v. *Commonwealth*, 138 Va. 500).

(3) The instant case arises out of the " business " in which the defendant International Union was engaged in this State.

(4) Patrick Waldron, the person upon whom the summons and complaint were served, was the person who at the time of such service was in charge of the business in which the defendant International Union was engaged within this State. He was the International vice-president in charge of the New York regional office of the defendant union in New York City.

(5) Plaintiffs have complied with all of the procedural requirements of section 229-b.

(6) The pendency of the Washington actions in no way affects the service of process upon the defendant International Union (*Oneida County Bk.* v. *Bonney*, 101 N. Y. 173, 175; *Curlette* v. *Olds*, 110 App. Div. 596, 598).

(7) The defendant International Union was, therefore, validly served within this State with process in this action and the motion to vacate the service of that process is denied.

(8) The defendant Joseph V. Moreschi, individually, was not engaged in business in this State within the meaning of section 229-b of the Civil Practice Act. Moreover, Patrick Waldron, the person upon whom the summons and complaint directed to Moreschi as an individual, was served, cannot be

said to have been the person in charge of any " business " done by Moreschi within this State.

(9) The defendant Joseph V. Moreschi as an individual was, therefore, not validly served with process in this State, and as to him the motion to vacate the service of process is granted.

Settle order in accordance with the foregoing determination.