THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JEWISH CONSUMPTIVES' RELIEF SOCIETY, Defendant.

Supreme Court, Special Term, New York County, September 26, 1949.

*Nathaniel L. Goldstein, Attorney-General (Theodore D. Ostrow* of counsel), for plaintiff.

*Mitchell Salem Fisher* for defendant.

BOTEIN, J. The Attorney-General has commenced an action to restrain the defendant, a nonstock Colorado corporation which operates a hospital in Denver, from transacting any business in the State of New York, and more particularly, from the solicitation of funds in this State. This application seeks temporary relief of a similar nature pending the trial and determination of the action. The Attorney-General makes three major charges against the defendant — unlawful usurpation of power by the officers and trustees now in control, maladministration of the hospital itself and that the defendant is doing business in this State without an appropriate license. Among the local activities in which the defendant engages are the maintenance of an office in the city of New York, manned by employees of the defendant and listed in the telephone directory; the steady and continuous solicitation of funds, periodically punctuated by elaborate fund-raising campaigns; and the organization of seven auxiliaries and a New York advisory board with broad grants of authority from the defendant. Almost half of the total annual income of the defendant has been collected within the State of New York. Its first vice-president resides in this State.

These are activities authorized by the certificate of incorporation of the defendant, which is a charitable organization formed in 1904 as a membership corporation under the laws of the State of Colorado. Among its purposes it may " acquire, take and receive by purchase or otherwise all kinds of property  *  *  * and moneys, to use the same for the maintenance of Homes, Sanataria, Health Farms and Dispensaries, and for the aid of those suffering from consumption and kindred diseases."

The status, powers and obligations of foreign corporations are set forth in article 13 (§§ 210–225) of the General Corporation Law. Its provisions embrace foreign corporations " organized not for profit but exclusively for educational, religious, charitable, eleemosynary, benevolent, hospital or other like purposes " (§ 221, subd. [3]). And section 220 provides that " In case of a non-stock corporation the term ' business,' as used in sections two hundred and eleven to two hundred and nineteen, inclusive, shall include the activities for which the corporation shall have been organized." Numerous cases have pinpricked the areas of " doing business " as applied to stock corporations engaged in commerce. The relatively few cases relating to nonprofit membership corporations do not delineate similar areas in such detail. But the common denominator for the " business " of both types of corporation would seem to be the statutory definition, namely, " the activities for which the corporation shall have been organized ". And on that basis most of the norms prescribed for doing business by commercial corporations appear to apply with equal validity to nonprofit corporations.

Clearly, the extensive local activities of the defendant assume the shape of doing business in this State. In *Bruce Lodge, Inc., v. Sub-Committee of Management of Odd Fellows in America* (208 App. Div. 100) it was held that through the comparatively restricted activities of its local member lodge, a foreign fraternal organization was " doing business " in this State. (See, also, *High v. Supreme Lodge Loyal Order of Moose*, 206 Minn. 599; *Knights of Ku Klux Klan v. Commonwealth*, 138 Va. 500; and *State of Kansas ex rel. Griffith v. Knights of the Ku Klux Klan*, 117 Kan. 564; cf. *Doherty v. Moreschi*, 187 Misc. 175, affd. 270 App. Div. 996, mod. 297 N. Y. 464; see companion opinion in *Amon v. Moreschi*, 296 N. Y. 395; Restatement, Conflict of Laws, § 167.)

The complaint in this plenary action and the affidavits upon this proceeding assert, *inter alia,* that the defendant has obtained a certificate of authority to do business in this State, but is

presently engaged in a business not authorized by the certificate. The authority conferred by this certificate is essentially to establish and maintain a hospital in the town of Woodbury, county of Orange, State of New York, for the treatment of those afflicted with tuberculosis. Concededly, the defendant has never established a hospital in Woodbury or anywhere in this State. Obviously, the certificate contains no sanction for the solicitation of funds, which is the dominant activity of the defendant in this State.

The pertinent provisions of section 219 of the General Corporation Law read as follows: " If a foreign corporation * * * after having obtained a certificate shall do in this state any business not referred to in such certificate, the attorney-general shall bring an action in the supreme court, for an injunction restraining it from doing such unauthorized business * * *." Sections 1217 and 1218 of the Civil Practice Act authorize the Attorney-General to bring appropriate action or to seek a temporary injunction in matters of this nature.

A substantial, if not the major, portion of the business engaged in by the defendant in this State is " not referred to " in its certificate of authority. This violation of section 219 of the General Corporation Law is not trifling or infrequent, but material and continuous. The statutory pattern evidences a legislative intent to bestow upon the Attorney-General a broad discretion and a correspondingly heavy responsibility in policing foreign as well as domestic corporations (*People* v. *Ballard,* 134 N. Y. 269; General Corporation Law, § 134). There is unequivocal language warranting the granting of the relief sought by the Attorney-General in the exercise of his discretion and statutory duties.

Motion for a temporary injunction is accordingly granted. In view of the foregoing, the court will neither discuss nor consider the other charges contained in the moving papers. Settle order.