## (April 12, 1965)

█ In the Matter of MILTON STONE et al., Appellants, v. NEW YORK STATE LIQUOR AUTHORITY et al., Respondents.— In a proceeding under article 78 of the CPLR by a number of licensed owners of separate package liquor stores in the Borough of Brooklyn, to review and to annul a determination of the respondent New York State Liquor Authority granting the application of respondent Sidney Gralitzer to relocate his retail liquor store by removing it from its original location in said borough to the vicinity of the petitioners' respective premises, the petitioners appeal from an order of the Supreme Court, Kings County, entered November 25, 1964 upon the court's opinion, which denied their application and dismissed their petition. Order reversed on the law, without costs, and the removal application remitted to the Authority: (1) for an investigation with respect to the existing conditions in both localities; (2) for a determination, containing specific findings of fact, upon the question of whether public convenience and advantage require the granting or denial of said application; and (3) for further proceedings not inconsistent herewith. No questions of fact have been considered by this court. The respondent Gralitzer applied to the respondent Authority for permission to move his retail liquor store to a new location. His application was investigated by the local board, which recommended that the application be disapproved. The Authority, however, without further investigation, approved the application. The action of the Authority, it is conceded, was based on Bulletin No. 390 which changed the Authority's approach to removal applications. Its new policy, following the report of the Moreland Act Commission charged with the duty of a study of the Alcoholic Beverage Control Act, adopted as its *modus operandi* unrestrictive licensing and unrestrictive removals of retail liquor stores to new locations. That policy, it is further conceded, was motivated by the Legislature's repeal of the distance requirement stated in subdivisions 4 and 4-a of section

105 of the Alcoholic Beverage Control Law (see L. 1964, ch. 531, § 13). But the Legislature did not otherwise modify the standards of discretion which it had delegated to the Authority in the administration of its powers — standards which must be provided by the Legislature in order to meet constitutional safeguards (cf. *Packer Collegiate Inst.* v. *University of State of N. Y.*, 298 N. Y. 184, 189–190; *Matter of Seignious* v. *Rice*, 273 N. Y. 44, 50). Those standards are phrased as the promotion of public convenience and advantage, subject only to the right of judicial review (Alcoholic Beverage Control Law, § 2). The repeal by the Legislature of the distance requirement was accompanied by a confirmation of these standards (L. 1964, ch. 531, § 14). As the scope of the standards thus remains unimpaired, the necessity still remains for the Authority to consider public convenience and advantage, not only in the formation of general policy, but also with respect to individual applications as well. Here the record is clear that the Authority did not consider public convenience and advantage relating to either the present or the proposed new location of the respondent Gralitzer's retail liquor store. This failure resulted in the abdication of the discretion which the Legislature reposed in the Authority (cf. *Matter of Barry* v. *O'Connell*, 303 N. Y. 46, 50–52; *Matter of Winkler* v. *State Liq. Auth.*, 3 A D 2d 1011, affd. 4 N Y 2d 856; *Matter of Steiert* v. *Epstein*, 15 A D 2d 532; *Matter of Wanetick* v. *State Liq. Auth.*, 8 A D 2d 706). In effect, the respondent Gralitzer, by selecting a new location for reasons best known to him and presumably most convenient and advantageous to him, determined the test of public convenience and advantage favorably to himself, without the exercise of any judgment by the Authority. The discretion of the Authority, though wide, is not unlimited. " In ruling upon such applications, the State Liquor Authority is required by statute to consult the convenience and advantage of the public, but the Authority has made no investigation into whether the public convenience and advantage in the proposed new area ⁕ ⁕ ⁕ would be promoted or adversely affected by the change in location of their package liquor store which appellants seek" (*Matter of Williamson* v. *New York State Liq. Auth.*, 14 N Y 2d 360, 363). Though the court may not entertain an independent judgment, it must ascertain whether the statutory test of discretion has been satisfied, and in this case, investigation and comparison of the two sites are required (cf. *Matter of Williamson* v. *New York State Liq. Auth.*, 14 N Y 2d 360, 364, *supra*). In reaching these conclusions, we note also the reasons stated in the recent decision of the Appellate Division of the Supreme Court, First Judicial Department in *Matter of Hub Wine & Liq. Co.* v. *State Liq. Auth.* (22 A D 2d 459). (See, also, *Matter of Giorgini* v. *New York State Liq. Auth.*, 23 A D 2d 772; *Matter of Glamy Liquors* v. *New York State Liq. Auth.*, 23 A D 2d 773.) Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.