41

Joel Halpern et al., Respondents, *v.* John P. Lomenzo, as
Secretary of State of the State of New York, et al.,
Appellants.

Third Department, July 8, 1970.

*Louis J. Lefkowitz, Attorney-General (Thomas G. Conway* and *Ruth Kessler Toch* of counsel), for John P. Lomenzo, appellant.

*Cahill, Gordon, Sonnett, Reindel & Ohl (David R. Hyde, O. Carlysle McCandless* and *Roger S. Fine* of counsel), for New York Racing Association and others, appellants.

*Jesse Moss, Sue Caplan* and *Ed Greenberg* for respondents.

REYNOLDS, J. This is an appeal from an order of the Supreme Court, Albany County, denying appellants' motion to dismiss respondents' complaint and for summary judgment.

The respondents, all owners, trainers and racers of thoroughbred race horses in New York and members of the Horsemen's Benevolent Protective Associations, Inc. [hereinafter collectively referred to as HBPA] brought the instant action on behalf of themselves and all others similarly situated against the State Racing Commission [hereinafter SRC], New York Racing Association, Inc. [hereinafter NYRA], and the Jockey Club, as well as various individual members of these organizations, seeking a declaratory judgment that the appointments of New York racing officials are illegal, having been made under an unconstitutional delegation of power by the SRC; that the exercise of power by the Jockey Club is similarly illegal; and an injunction barring any of the officials from acting in that capacity, conducting racing meetings, and making further appointments. It is also alleged that in the exercise of their authority, the NYRA and Jockey Club acted discriminatorily in giving preferred treatment to their own members and denying equal treatment to members of the HBPA. After answering appellants made the instant motions on the grounds that the statutory authority pursuant to which the NYRA and Jockey Club operate is not an unconstitutional delegation of legislative authority; respondents are barred from equitable relief by bad faith and unclean hands; no rights of the respondents have been abridged by any action of the NYRA or the Jockey Club; there exists no justiciable controversy; the HBPA may not bring this action because it is a foreign corporation not authorized to do business in New York; and respondents are barred from bringing this action by the availability of administrative and other judicial remedies. Special Term denied the motions holding that appellants had failed to make a factual showing of bad faith, that the HBPA is not required to file a certificate of doing business, that there is a justiciable controversy in which respondents have the required interest, and that

there is "a substantial question as to the constitutionality of the subject statute" and the instant appeal ensued.

Respondents have standing to bring the instant action. They have a legal right to race horses in New York and a legal interest in seeing that this right is not impaired by appellants and they need not break the rules and regulations of the NYRA and Jockey Club, thereby subjecting themselves to punitive sanctions, in order to obtain a legal declaration to their rights (*Ivory* v. *Edwards,* 278 App. Div. 359, affd. 304 N. Y. 949). Nor since the HBPA is a nonprofit corporation was it precluded from maintaining this suit because of its failure to file a certificate of doing business (*Anti-Defamation League of B'nai B'rith* v. *American Italian Anti-Defamation League,* 54 Misc 2d 830). And the fact that respondents have administrative remedies or may bring an article 78 proceeding to challenge any action of the NYRA or the Jockey Club is not controlling where, as here, the respondents are challenging the constitutionality of a statute or administrative act, or where they claim that an official is acting in violation of a statute to deprive them of valuable rights (*Board of Educ., Cent. School Dist. No. 1 of Town of Otego* v. *Rickard,* 32 A D 2d 135, 138–139; *Rock Hill Sewerage Disposal Corp.* v. *Town of Thompson,* 27 A D 2d 626; *Aerated Prods. Co.* v. *Godfrey,* 263 App. Div. 685, 687, revd. on other grounds 290 N. Y. 92).

Similarly respondents have shown the existence of a justiciable controversy. Their assertion that appellants are according preferred treatment at racing meetings to members of the NYRA with a resulting lowering in purses for the respondents clearly raises such an argument. Moreover, even assuming that the challenged provisions of the racing law, are constitutional, a declaratory judgment action is available to test the constitutionality of the application of a statute to a set of facts (*Namro Holding Corp.* v. *City of New York,* 17 A D 2d 431, 434–435) and as noted respondents' allegations clearly assert that the power granted to the appellants is being abused by them. The Special Term properly held that a constitutional issue was present and that triable issues of fact relating to that issue are present which preclude summary disposition.

Finally we concur in Special Term's conclusion that the fact that the Attorney-General has brought an antitrust action against the HBPA in connection with a boycott of certain race tracks does not subject respondents to imposition of the doctrine of unclean hands. There has been no disposition of that action as

yet, and there is no reason to assume that its result will be unfavorable to the respondents.

The order should be affirmed, with one bill of costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and SWEENEY, JJ., concur.

Order affirmed, with one bill of costs.