**ANTI–DEFAMATION LEAGUE OF B'NAI B'RITH, Appellant,**

v.

**NATIONAL MEXICAN AMERICAN ANTI–DEFAMATION COMMITTEE, INC., et al.**

No. 74–1508.

United States Court of Appeals, District of Columbia Circuit.

Argued March 10, 1975.

Decided April 7, 1975.

Rodney F. Page, Washington, D. C., with whom David A. Brody, Washington, D. C., was on the brief, for appellant.

No brief was filed and no appearance was entered for appellees.

Before FAHY, Senior Circuit Judge, and MacKINNON and ROBB, Circuit Judges.

Opinion PER CURIAM.

Dissenting opinion by Circuit Judge MacKINNON.

PER CURIAM:

Appellant filed a complaint in the District Court to enjoin appellee from retaining or using in its corporate name or otherwise the term and phrase "Anti-Defamation Committee", and for related relief. Trial was held by the District Court, as in equity, without a jury. At the conclusion of appellant's evidence, the court, on appellee's motion, dismissed the complaint.

The principal basis for appellant's claim of right to the injunctive relief sought was that since its organization in 1913 under the name Anti-Defamation League of B'nai B'rith to combat racial, ethnic, and religious prejudice and discrimination, it has acquired a unique and valuable property right in the phrase "anti-defamation" which has come to be identified with it by way of secondary meaning. It sought protection against the use by appellee of "Anti-Defamation Committee" as part of its name in carrying out its own laudable purposes.

The evidence led the trial court at the conclusion of the hearing to state:

I think the evidence is clear that there is a proprietary interest of the sort, a secondary meaning in Anti-Defamation League that the plaintiff has acquired.

 In the court's filed Conclusions of Law, however, it was held:

The evidence fails to establish that the terms "anti-defamation" or "anti-defamation league" have acquired a secondary meaning in the minds of the general public or any relevant portion thereof.

With all respect, we think the record clearly supports the earlier position of the trial court. The coined term "anti-defamation" originated with, and for many years prior to appellee's incorporation had earned in the public mind, a definite and especially close association with the activities of appellant. The evidence established a secondary meaning of "anti-defamation league" which tied that concept to appellant. A like conclusion was reached by the Supreme Court of New York in the cases of Anti-Defamation League of B'nai B'rith v. American Italian Anti-Defamation League, Inc., 54 Misc.2d 830, 283 N.Y.S.2d 828 (1967) and Anti-Defamation League of B'nai B'rith v. Arab Anti-Defamation League, 72 Misc.2d 847, 340 N.Y.S.2d 532 (1972).

 The court in our case also found that the evidence adduced by appellant failed to demonstrate such a likelihood of confusion on the part of the general public, or relevant portions thereof, as distinct from an occasional misunderstanding and mistaken delivery of mail, as to justify the relief sought by appellant. In this respect too we are constrained to differ with the District Court. Eleven instances which we think could quite reasonably be found to be actual confusion were placed in evidence. Moreover, the use by appellee of "Anti-Defamation Committee" in aid of its identification is signally conducive to confusion with "Anti-Defamation League." The qualifying words in appellee's name, "National Mexican Ameri-

can" do not avoid the likelihood of confusion. The nature of the organization is indicated by its use of "Anti-Defamation" in its name, so that the qualifying words are likely to lead the public, or relevant portions of it, to consider appellee a branch of the old and well-known Anti-Defamation League of B'nai B'rith. We also bear in mind that proof of actual confusion is not essential. Probability is sufficient. See, Anti-Defamation League of B'nai B'rith v. American Italian Anti-Defamation League, Inc., *supra*, 283 N.Y.S.2d at 834; Anti-Defamation League of B'nai B'rith v. Arab Anti-Defamation League, *supra*, 340 N.Y.S.2d at 544; and see, Missouri Federation of the Blind v. National Federation of the Blind of Missouri, Inc., 505 S.W.2d 1, 6 (Mo.App.1973).

Concluding that the plaintiff made a *prima facie* case so that the motion to dismiss should not have been granted, we reverse and remand the case for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

MacKINNON, Circuit Judge (dissenting):

I would affirm on the ground that on its face the name "National Mexican-American Anti-Defamation Committee" had sufficient distinguishing characteristics that confusion with "Anti-Defamation League of B'nai B'rith" was not likely to result where "ordinary [people used] ordinary caution," McLean v. Fleming, 96 U.S. 245, 251, 24 L.Ed. 828 (1877). I do not disagree with the conclusion that the term "Anti-Defamation League" has acquired a secondary meaning referring to appellant, but the issue before us is whether the names of appellant and appellee are sufficiently alike that there is a likelihood of confusion on the part of the general public or some relevant portion thereof. The names speak for themselves in refutation of appellant's position on this issue. Of the eleven instances of "actual confusion" cited by the majority, the six news accounts show the consistent use of the identifying term "Mexican-American" when appellee is mentioned, and the remaining instances are more likely isolated examples of individual carelessness than evidence that confusion is probable.

The two New York trial court decisions cited by the majority are of questionable value as precedents. Anti-Defamation League of B'nai B'rith v. American Italian Anti-Defamation League, 54 Misc.2d 830, 283 N.Y.S.2d 828 (Sup.Ct. 1967), involved the granting of a motion for temporary injunction in a case which was apparently settled before the court could hear the merits of the allegations of confusion. Anti-Defamation League of B'nai B'rith v. Arab Anti-Defamation League, 72 Misc.2d 847, 340 N.Y.S.2d 532 (Sup.Ct.1972), was a default judgment entered against an association which had failed to appear to defend on the merits. In each case the enjoined names had more elements in common with appellant's name than does the name sought to be enjoined in the instant case. Furthermore, the Arab group had adopted the symbol "AADL" which was nearly identical to appellant's symbol.

The majority opinion states that the "nature of the organization is indicated by its use of 'Anti-Defamation' in its name" and asserts that the public will therefore tend to consider appellee to be a branch of appellant. However, the mere fact that an organization is the first to engage in a particular field of activity should not enable it to prevent any other organization from indicating to the public that it has similar interests by using a term which is descriptive of that activity. The important consideration is whether when the names of the organizations are considered in their entirety, confusion is probable. Since I do not believe that the names of appellant and appellee are likely to cause confusion, I would affirm the order of the District Court.