OPINION OF THE COURT
David T. Gibbons, J.
Motion by the defendants, Attorney-General of the State of New York (hereafter referred to as Attorney-General), and the New York State Racing and Wagering Board (hereafter referred to as Racing and Wagering Board), for an order dismissing the complaint herein as to them upon the grounds: (1) that they are improperly joined as defendants in this action, (2) that the complaint fails to state a cause of action as to them, and (3) that, as to the defendant, Racing and Wagering Board, the relief cannot be granted in an ordinary civil action and the complaint is premature, is determined as follows:
In the complaint herein, which consists of seven causes of action, the moving defendants are named as parties in the third and seventh causes of action.
Under the third cause of action in which Roosevelt Raceway, Inc. (hereinafter referred to as Raceway) and the Attorney-General are named as defendants, the plaintiff seeks to recover triple damages, pursuant to section 340 of the General Business Law from the defendant, Raceway, upon allegations that said defendant maintains a monopoly in the conduct of harness horse racing during a period of the year when it has the exclusive right to conduct such racing events, and that by arbitrarily, illegally and discriminatorily refusing the plaintiff stall space and an opportunity to engage in racing horses at its racetrack, it has wrongfully inhibited competition and limited the free exercise of plaintiff’s right as a duly licensed driver and trainer to conduct and lawfully earn a living at his chosen occupation, and that by its conduct Raceway has also illegally exercised a statutory power legislatively bestowed upon the Racing and Wagering Board.
In paragraph 34 of the third cause of action, the plaintiff alleges: "The attorney general of the state of new york is made a party to this action pursuant to said Section 340 of the General Business Law.”
Reference to subdivision 5 of section 340 of the General
*824 Business Law discloses that it provides, inter alia, as follows: "At or before the commencement of any civil action by a party other than the attorney-general for a violation of this section, notice thereof shall be served upon the attorney-general.”
Apart from the above reference to the Attorney-General in paragraph 34 of the third cause of action, the plaintiff neither alleges any wrongdoing by, nor does he seek to recover any damages from the Attorney-General therein.
Subdivision 5 of section 340 of the General Business Law provides only that the Attorney-General be given notice of a proceeding brought by a third party under said section of the law, and it was not intended by the Legislature that he be made a party in such lawsuit.
This rule is confirmed in Columbia Gas of N. Y. v New York State Elec. & Gas Corp. (28 NY2d 117), where the court stated that the purpose of giving notice of the action to the Attorney-General was to apprise him that such action was commenced so that he may be aware of the circumstances. It was also held (p 129) that such notice "may not be considered a condition precedent to the plaintiffs cause of action.”
There is no basis for maintaining the Attorney-General as a party defendant in this action, and there are no facts alleged to constitute a cause of action against him.
Under the plaintiffs seventh cause of action, in which Raceway and the Racing and Wagering Board are named as defendants, the relief demanded, as stated in paragraph 52 thereof, is as follows: "Plaintiff seeks a declaratory judgment against defendants, Roosevelt and the state racing and wagering board, adjudging, as a matter of law, that the conduct of defendant, mallar, as aforesaid as racing secretary, of defendant Roosevelt, in arbitrarily, unlawfully and discriminatorily refusing to allow plaintiff to lawfully earn his living on the premises of defendant, roosevelt, is conduct upon which the defendant, state racing and wagering board may refuse to grant a license to said defendant, roosevelt, upon the ground that the character or fitness of its officer, to wit: defendant, mallar, is such that the participation of such person in harness racing or related activities would be inconsistent with the public interest, convenience or necessity, or with the best interest of racing generally, as set forth in Section 8008(5)(b) of Title 21 of the Unconsolidated Laws of the State of New York.”
*825 Essentially, by his seventh cause of action the plaintiff seeks a declaratory judgment by which it would be held that as a matter of law the alleged unlawful and discriminatory conduct of the defendants, Raceway and its racing secretary, Lawrence Hallar, in refusing plaintiff stall space and the right to participate in racing because of racial and religious reasons, was such conduct as would provide a basis upon "which the State Racing and Wagering Board may refuse to grant a license to said defendant, Roosevelt” (emphasis added) upon the ground, as expressed in section 40 (subd 5, par [b]) of the Pari-Mutuel Revenue Law (L 1940, ch 254, as amd by L 1954, ch 510, § 4), "that the participation of such person in harness racing or related activities would be inconsistent with the public interest, convenience or necessity or with the best interest of racing generally”.
In dealing with the question presented, it is to be noted at the outset that the defendant, Racing and Wagering Board, has been vested by the Legislature under section 40 of the Pari-Mutuel Revenue Law with the power to grant licenses in its discretion to an association or corporation desiring to conduct harness racing at which pari-mutuel betting shall be permitted.
The plaintiff’s seventh cause of action is characterized by his counsel in the affidavit submitted in opposition as follows: "10. Plaintiff in his seventh cause of action seeks a declaratory judgment that the discriminatory conduct of defendants, ROOSEVELT RACEWAY, INC. and LAWRENCE HALLAR, On the basis
of race and religion is such as to be so inconsistent with the 'public interest’ as to require the defendant, 'state racing and wagering board’, to refuse to grant a license to said defendant, roosevelt raceway, inc.”
The thrust of this argument is that the alleged discriminatory practices of the defendants, Raceway and Lawrence Hallar, if established, would require the defendant, Racing and Wagering Board, to refuse to grant a license to Raceway and that it should, therefore, follow that such issue should be determined by the court to the exclusion of the Racing and Wagering Board.
This contention is lacking in merit for the reason that the court may not, in the first instance, intrude upon the domain of the administrative functions of the Racing and Wagering Board on an issue upon which it has the duty and the power to pass, namely, whether the alleged discriminatory conduct, *826 if established, "would be inconsistent with the public interest” within the meaning of section 40 (subd 5, par [b]) of the PariMutuel Revenue Law.
The plaintiff may not, in the absence of a factual showing of lack of jurisdiction, utilize the remedy of an action for a declaratory judgment or any other remedy to foreclose or prohibit the Racing and Wagering Board from exercising its discretion and power to grant or deny a license to carry on harness horse racing activities.
Apart from the absence of any allegations in the complaint to establish that the Racing and Wagering Board is without jurisdiction in the instant matter, to grant the relief requested in the seventh cause of action by way of a declaratory judgment would be to by-pass the Racing and Wagering Board and substitute the court’s judgment for that of said administrative body upon whom the power was conferred in the first instance by the Legislature to pass applications for licenses.
This principle of law is expressed in Stone v New York State Liq. Auth. (23 AD2d 766, 767), as follows: "Though the court may not entertain an independent judgment, it must ascertain whether the statutory test of discretion has been satisfied, and in this case, investigation and comparison of the two sites are required (cf. Matter of Williamson v. New York State Liq. Auth., 14 N Y 2d 360, 364, supra).”
Although an aggrieved third party may challenge the determination of an administrative board upon constitutional or other legal grounds by way of an action for declaratory judgment, as in Halpern v Lomenzo (35 AD2d 41), where members of the Horseman’s Benevolent Protective Association, Inc., were permitted to challenge the legality of the alleged discriminatory appointment of racing officials, until such time as the Racing and Wagering Board herein shall have acted upon an application for a license by Raceway, the relief sought under plaintiff’s seventh cause of action is premature.
Accordingly, for the reasons hereinabove set forth, the motion is granted to the extent (1) that the third cause of action is dismissed as to the defendant, Attorney-General, and (2) that the seventh cause of action is dismissed as to the defendant, Racing and Wagering Board, without prejudice.