OPINION OF THE COURT
James D. Benson, J.
This motion by defendants for an order dismissing the complaint pursuant to CPLR 3211 (a) (3), (5) and (7) is denied.
*26 In this action for a declaratory judgment and an injunction, the plaintiff is a district corporation created by acts of the New York Legislature for the purpose of providing an adequate water supply and distribution system to residents of the district. It sues the owner and developer of a 50-acre parcel of land which has applied for permits to improve its property with a 480-unit multifamily dwelling complex to be called Crofton Mews Apartment Complex. The thrust of the suit is to prevent the defendant from preempting and polluting the waters of Crum Elbow Creek upstream from the plaintiff’s water works. It is alleged that defendant’s drawing water from the creek 1.9 miles upstream from plaintiff’s drinking water treatment plant will reduce plaintiff’s ability to draw the needed 725,000 gallons per day and will overload plaintiff’s capacity to remove alum and other contaminants from the water it provides to its users.
The complaint contained 10 causes of action. The 3rd through the 10th contained allegations that C. Bradley Lynch performed professional services for Van Wagner’s Bard Builders before the Zoning and Planning Boards of the Town of Hyde Park while serving as Chairman of the town’s Zoning Board. The third and fourth and fifth causes of action allege his and Bard’s violation of General Municipal Law § 809 in failing to disclose Lynch’s interest in the applications which he made on Bard’s behalf. The 6th through the 10th causes of action set forth claims that Lynch participated in proceedings of the Zoning Board of Appeals while he was its chairman while he was financially interested in the applicant, Crofton Mews, and that he violated the Hyde Park Code of Ethics as well as sections 801 and 805-a of the General Municipal Law.
The plaintiff has withdrawn the 3rd through the 10th causes of action as they relate to Lynch so that they are no longer subjects of this motion to dismiss against him.
The five remaining causes of action, the first through fifth, are the sole remaining targets of this attack.
The defendant contends that the first cause of action cannot be maintained because plaintiff is relegated to the exclusive remedy of judicial review. The Zoning Board of Appeals granted Bard a special-use permit to construct the Crofton Mews project on December 1, 1987. Plaintiff sues in the first cause of action upon the ground that the construction or operation of the project would violate ECL 15-0701. Defendant moves to dismiss the first cause of action upon the ground *27 that the cause of action, if any, has not arisen. (ECL 15-0701 [4].) The obscure language of that subdivision requires judicial interpretation, which has not been supplied, as far as current research discloses. It is clear, however, that subdivision (4) must be read together with subdivision (6), which specifically authorizes the maintenance of an action by "[a]ny person desirous of ascertaining the extent of the rights and privileges of himself and others in the water”. Given this statutory guidance, the first cause of action clearly states a cause of action. Moreover, the plaintiff, a downstream riparian owner, is expressly authorized by the statute to commence and maintain such an action. Subdivision (1) creates a cause of action on behalf of any person having an interest in a watercourse if an alteration of it, "is causing harm to him or it, or would cause him or it immediate harm if and when begun.”
In these circumstances, it cannot be found that the plaintiff, a downstream riparian owner, lacks standing to sue. Nor can it be found, in the light of subdivisions (7) and (8), that the action is barred by the Statute of Limitations, absent a showing that the period of limitations began to run upon the occurrence of harm from the alteration. The allegations of the complaint claim only anticipated future harm, which is cognizable under the statute. Thus, not only the branch of the motion which asserts lack of standing to sue but that which asserts the Statute of Limitations is also without merit. The action exists independently of CPLR article 78 and does not require the annulment of an administrative determination as a predicate. If the Legislature had intended to impose such a condition to the maintenance of an action, the comprehensive statute provided an ample opportunity to state it. As emphasis to this conclusion, section 17-1101 states that it is the purpose of article 17 to provide "additional and cumulative remedies to abate the pollution of the waters of the state and nothing herein contained shall abridge or alter rights of action or remedies now or hereafter existing”.
The defendant’s attack upon the second cause of action is grounded upon the assertion that plaintiff has not been harmed. The movant relies upon section 15-0701 (4) which, as we have observed, is tempered by subdivision (6), authorizing the maintenance of an action without "proof of present harm or the likelihood of future harm”. This branch of the motion is groundless.
The plaintiff’s claims contained in the third through the fifth causes of action are asserted against both Bard and *28 Lynch. They are academic as they contain claims against Lynch because plaintiff has withdrawn its complaint against him. They are still cognizable against Bard, however, because they contain allegations of violations of General Municipal Law § 809, which if proven would constitute misdemeanors. Such claimed illegality in the obtaining of the special-use permit presents a justiciable controversy. (Halpern v Lomenzo, 35 AD2d 41.)
The cross motion by plaintiffs for an order, pursuant to CPLR 3025, granting plaintiffs leave to amend and supplement their complaint is granted.
The original complaint is this action for a declaratory judgment and an injunction was verified on September 29, 1989. The proposed amended verified complaint was verified on November 22, 1989. On October 3, 1989, the voters disapproved the district’s issuance of a $20 million bond issue which was proposed to create a new Hudson River water treatment plant. Plaintiff seeks to amend to allege its sole reliance upon the waters of Crum Elbow Creek and the claimed effect of defendant’s proposed alteration of the watercourse.
The provisions of ECL 15-0701 plainly contemplate the kind of preventive litigation which the plaintiffs seek. It serves the admirable purpose of authorizing a party who claims to anticipate harm to commence and prosecute an action to prevent it. It is appropriate that plaintiffs allege and bring to issue all of the issues which ought to be determined in this public interest litigation.
The attorneys for the parties are directed to appear for a conference in this Part on April 18, 1990 at 10:00 a.m. Adjournments will be granted only with leave of the court.